UNITED STATES BANKRUPTCY COURT



WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

In RE: THOMAS S. KEATY, II

CHAPTER 13

NO. 05-51007

FILED: _____   _____

## OPPOSITION TO MOTION FOR CONTEMPT

It is respectfully submitted that the allegations in Paragraph 2 of Thomas S. Keaty II's (Keaty) Motion for Contempt against Roy Raspanti are absolutely false and without any evidentiary support. If allegation No. 2 in said Motion for Contempt is true, then there should be evidence of same in the record. It is respectfully submitted that debtor cites no such evidence in his Motion for Contempt for the reason that there is no such evidence.

Paragraph 4 of debtor's Motion for Contempt is also false. Bruce M. Danner contacted Elizabeth Alston on behalf of Roy Raspanti merely to respond to multiple offers of settlement previously made and initiated by Elizabeth Alston on behalf of Keaty. The multiple offers were made by Elizabeth Alston on behalf of Keaty by telephone, fax, and in writing. The

first offer of settlement was made by Elizabeth Alston on behalf of Keaty by telephone and memorialized in her April 18, 2005 correspondence to Roy Raspanti and by facsimile transmission. See Exh. A, attached.

Ms. Alston indicated in those multiple communications her interest in settling "any and all claims" which Roy Raspanti may have against Keaty. She indicated her interest and that of her client Keaty in meeting with Roy Raspanti "in person in the near future." She also indicated she would look forward to receiving Roy Raspanti's available dates and times for the proposed meeting. See Exh. A. On April 19, 2005, Elizabeth Alston reiterated via facsimile transmission and by letter her interest in pursuing settlement discussions further and asked Roy Raspanti to please contact her if he was interested in pursuing settlement discussions further. See Exh. B.

Again, Bruce M. Danner contacted Elizabeth Alston in response to said previous and multiple offers of settlement initiated by Elizabeth Alston in an attempt "to settle any and all claims" which Roy Raspanti "may have against" Keaty. See Exh. A. Roy Raspanti did not then nor has he ever "attempted to collect, and/or recover funds from the debtor on account of the claims which were listed in the debtor's bankruptcy schedule." See paragraph 4, Keaty Motion for Contempt.

For these reasons, paragraphs 5, 6 and 7 are also completely false and without any evidentiary support whatsoever. Roy Raspanti did not violate 11 U.S.C. 362, let alone with a "specific purpose to harass the debtor into making payments to him over and above those set out in the plan of reorganization."

The Motion to Lift Stay Order was filed because Roy Raspanti thought it was necessary to do so in order to pursue a court action against Keaty based upon a tort committed by Keaty against Roy Raspanti after his second Chapter 13 petition was filed on April 18/19, 2005. It was not "an attempt to harass the debtor into making payments."

In order to prevail on the action for contempt the moving party must prove his case by clear and convincing evidence rather than the usual standard of a preponderance of the evidence. *In RE: Mack*, 46 B.R. 652. 657 (D.C. E.D. Pa. 1985); *Schauffrer v. Local 12, 1291 Int'l. Longshoreman Assn.*, 292 F.2d 182 (3rd Cir. 1961); *Quintel v. Volkswagen of America*, 676 F.2d 769, 974 (3rd Cir. 1982). The plaintiff has a heavy burden to show the defendant guilty of civil contempt. It must be done by clear and convincing evidence, and where there is ground to doubt the wrongfulness of the

conduct of a defendant, he should not be judged in contempt. *Fox v. Capital Co.*, 96 F.2d 684, 686 (3rd Cir. 1948). The power of contempt should generally be reserved for an action evincing a contumacious frame of mind. *Revere Copper Products, Inc. v. Hudson River Sloop*, 29 B.R. 584, 589 (Bkrptcy. S.D.N.Y. 1983); *First Nat'l. Bank of La. V. Hurricane Elkhord*, 19 B.R. 609, 621 (Bkrptcy. W.D. Ky. 1982).

It is respectfully submitted that there is no evidence of contempt by Roy Raspanti in the record, let alone clear and convincing evidence of same. For these reasons, Roy Raspanti requests that this Honorable Court dismiss Keaty's Motion for Contempt at his cost.

Respectfully submitted

_____
ROY RASPANTI, #11119
110 Veterans Boulevard – Ste. 360
Metairie, LA 70005-4930
Telephone: (504) 835-5388
Fax: (504) 837-5510

## CERTIFICATE OF SERVICE

This is to certify that a copy of this pleading has been delivered to all\* counsel of record either by depositing a copy of same in the U.S. mail, first class postage prepaid, or by hand delivery or by facsimile transmission on the 11 day of July, 2006 at their last known address of record.

_____

\*TO JOSEPH P. HEBERT ONLY

# ALSTON LAW FIRM, L.L.C.

ELIZABETH A. ALSTON
701 MARINER'S PLAZA
MANDEVILLE, LA 70448

HTTP://LAWYERRISK.COM
EALSTON@LAWYERRISK.COM
VOICE: (985) 727-2877
FAX: (985) 727-3544
NEW ORLEANS: 566-7311

April 18, 2005

**VIA FAX (504) 837-5510**

**Confidential settlement communication**

Roy A. Raspanti, Esq.
110 Veterans Memorial Blvd., Suite 360
Metairie, LA 70005-4930

    RE: Thomas S. Keaty, Esq.
    My file no.: 741

Dear Roy:

    Pursuant to our telephone conversation on Friday, please be advised that Mr. Keaty wishes to settle any and all claims which you and your clients may have against him at this time. He is able to offer $10,000.00 cash payment now, with a pay-out plan of $1,000.00/month for a total of 20 months.

    We would like any such settlement to be concluded on a confidential basis. We would like to agree that any necessary filings in the bankruptcy court be under seal, and that the settlement terms will include the execution of a satisfaction of judgment in the sanctions proceeding as well and the usual receipt and release.

    Mr. Keaty and I would like to meet with you in person in the near future in order to provide you with information regarding his financial status. Thank you for your consideration of this proposal, and I look forward to receiving your available dates and times for our proposed meeting.

                                         Cordially,

                                           Elizabeth A. Alston

EAA/st

Thomas S. Keaty, Esq.   <u>VIA FAX</u>

EXH A

ALSTON LAW FIRM, L.L.C.

ELIZABETH A. ALSTON
701 MARINER'S PLAZA
MANDEVILLE, LA 70448

HTTP://LAWYERRISK.COM

EALSTON@LAWYERRISK.COM
VOICE: (985) 727-2877
FAX: (985) 727-3544
NEW ORLEANS: 566-7311

April 19, 2005

VIA FAX (504) 837-5510

**Confidential settlement communication**

Roy A. Raspanti, Esq.
110 Veterans Memorial Blvd., Suite 360
Metairie, LA 70005-4930

    RE: Thomas S. Keaty, Esq.
    My file no.: 741

Dear Roy:

    Mr. Keaty and I wish to clarify that if a settlement is reached in your dispute with him, the settlement will be funded by his family members. Mr. Keaty himself does not have sufficient assets to fund any settlement.

    Please contact me if you are interested in pursuing settlement discussions further.

                             Cordially,

                             Elizabeth A. Alston

EAA/st

Thomas S. Keaty, Esq. VIA FAX

EXH B