**SO ORDERED.**

**SIGNED September 14, 2006.**

_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISIONS

IN RE:

THOMAS S. KEATY,                                          CASE NO. 05-51007

   Debtor                                                  CHAPTER 13

----------------------------------------------------------------
REASONS FOR DECISION
----------------------------------------------------------------

Thomas S. Keaty ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[1] on April 18, 2005 ("Petition Date"), and on that day an order for relief was duly entered. An Order Confirming Chapter 13 Plan was entered on December 28, 2005.

Shortly following confirmation, the Debtor filed his **MOTION FOR**

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ____."

1

**CONTEMPT AGAINST ROY RASPANTI** ("Contempt Motion"), seeking appropriate sanctions for an alleged violation of the automatic stay. A hearing on the Contempt Motion was held on July 17, 2006. After hearing the evidence and argument of counsel, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW and DISCUSSION

Upon the filing of a petition for relief under the Bankruptcy Code, "all entities" are enjoined from taking certain actions against the debtor and his or her property. Section 362(a). The provision of section 362 relevant to the instant matter provides:

> (a) Except as provided in subsection (b) of this section, a petition [for relief] . . . operates as a stay, applicable to all entities, of—
>
> \* \* \*

Page 2

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

\* \* \*

The Motion alleges that Mr. Raspanti violated section 362(a)(6) in two respects: (a) Bruce Danner, on behalf of Mr. Raspanti, contacted Elizabeth Alston, an attorney representing the Debtor in a matter not related to this case, regarding settlement of Mr. Raspanti's claim against the Debtor,[2] and (b) the filing by Mr. Raspanti of a MOTION TO LIFT STAY ORDER ("Lift Stay Motion") to permit the filing of a suit against the Debtor based upon alleged post-petition conduct.

A. Mr. Danner's Involvement.

Considerable background needs to be understood in order to put the contact between Mr. Danner and Ms. Alston in perspective. In a prior case under chapter 7 filed by the Debtor[3], Mr. Raspanti had filed a complaint to determine dischargeability pursuant to section 523. Mr. Raspanti's motion for summary judgment in that matter was

---

[2] The Debtor attempted to introduce testimony regarding Mr. Raspanti's contact with Ms. Alston as evidence of Mr. Raspanti's violation of section 362(a)(6). The court, however, precluded the introduction of such testimony as going beyond the pleadings. The court did allow some testimony regarding that contact as a predicate for the exchange between Mr. Danner and Ms. Alston.

[3] Case No. 04-51608, Western District of Louisiana, Lafayette Division.

Page 3

set for hearing on Tuesday, April 19, 2005. The hearing was not held, however, as the instant chapter 13 was filed the preceding day.

A letter from Ms. Alston to Mr. Raspanti, dated April 18, 2005, refers to their "telephone conversation on Friday," which would have been April 15. The letter transmitted a settlement proposal which obviously was in continuation of their earlier conversation. The conversation between Mr. Raspanti and Ms. Alston, being before the Petition Date obviously cannot support a claim of violation of the automatic stay in this case. The offer of settlement was apparently rejected, however, and there were no further contacts until January 2006.

In the interim, the chapter 13 case proceeded, ultimately resulting in the Debtor's chapter 13 plan being confirmed at a hearing held on December 21, 2005; the entry of an order of confirmation occurred on December 28.

Another telephone conversation between Mr. Raspanti and Ms. Alston took place. According to Ms. Alston's billing records, this occurred on January 3, 2006. As this conversation was beyond the allegations of the Contempt Motion, however, the court excluded this "incident" as a basis for contempt.

Mr. Danner and Mr. Raspanti have been friends since their law school days. Mr. Danner and Ms. Alston both practice in the same

locale and have enjoyed both a professional and personal relationship. Subsequent to Mr. Raspanti's January 3 conversation with Ms. Alston, he and Mr. Danner visited. At that time Mr. Danner learned of Mr. Raspanti's contacts with Ms. Alston regarding the Keaty litigation, and, having a mutual relationship with both attorneys, he suggested that he might assist in getting the matter resolved. Mr. Raspanti agreed, and Mr. Danner thereafter contacted Ms. Alston to convey a settlement offer on behalf of Mr. Raspanti. This apparently occurred on January 9, 2006, which date is corroborated both by Ms. Alston's letter on the same day to Mr. Keaty, and by Ms. Alston's billing records. It is this contact on January 9, 2006, of which the Debtor complains.

As stated above "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the case" constitutes a violation of the automatic stay of section 362. Mr. Keaty argues that Mr. Danner's telephone call to Ms. Alston to convey a settlement offer was sufficient conduct to constitute the "act" proscribed by the statute. For the following reasons, the court disagrees.

While a telephone call might constitute a violation of section 362(a)(6), the circumstances of this case dictate otherwise. First of all, Mr. Danner's involvement was only as a mutual friend of Mr. Raspanti and Ms. Alston—his role was no more than that of a "good

Samaritan." He did not act as Mr. Raspanti's attorney—he opened no file, made no written notes, and did not bill for his services. He only acted in an effort to facilitate settlement between Messrs. Raspanti and Keaty. While a good Samaritan may well cross the line and violate section 362, in view of the prior settlement efforts of the parties, the court does not view his involvement as doing so.

Further, the prior settlement negotiations, while having occurred some time in the past, suggest an environment where such contact should not be deemed violative of section 362(a)(6). The issue of whether settlement negotiations violated section 362(a)(6) was discussed by the court in the case of *In re Diamond*, 346 F.3d 224, 227 (1st Cir. 2003):

> The automatic stay is one of the fundamental protections that the Bankruptcy Code affords to debtors."*Jamo v. Katahdin Federal Credit Union* (*In re Jamo*), 283 F.3d 392, 398 (1st Cir.2002). Under 11 U.S.C. § 362(a)(6), the filing of a bankruptcy petition operates as an automatic stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." Section 727 is a specific exemption from the automatic stay to allow for a challenge to discharge.
>
> Whether settlement negotiations pertaining to a challenge to discharge violate the automatic stay is an issue of first impression in this Court. Recently, however, we held that, "while the automatic stay is in effect, a creditor may engage in post-petition negotiations pertaining to a bankruptcy-related reaffirmation agreement so long as the creditor does not engage in coercive or harassing tactics." *Jamo,* 283 F.3d at 399. We agree with the parties that it makes sense to extend the *Jamo* rule and adopt the majority approach

Page 6

allowing settlement negotiations in § 727 discharge proceedings. *See generally* Terrence L. Michael and Michael R. Pacewicz, *Settling Objections to Discharge in Bankruptcy Cases: An Unsettling Look at Very Unsettled Law,* 37 Tulsa L.Rev. 637 (2002) (reviewing the approaches to the settlement of § 727 proceedings and indicating that the majority of courts allow settlement on a case-by-case basis). Absent controversy on the point, we need not belabor the issue.

While the instant case has a dissimilar fact pattern, this court agrees that post-petition settlement negotiations, following a pattern of pre-petition negotiations, does not violate the provisions of section 362(a), provided that the creditor does not engage in "coercive or harassing tactics." Under the facts presented, the court concludes that Mr. Danner's conduct was neither coercive nor harassing.

B. The Lift Stay Motion.

Mr. Raspanti filed the Lift Stay Motion seeking court authority to sue Mr. Keaty for certain conduct alleged to have occurred subsequent to the Petition Date. The court denied that motion as a debtor's post-petition conduct is not protected by the automatic stay. Mr. Keaty contends, however, that the Lift Stay Motion was filed for the sole purpose of harassment and should be sanctioned. The court disagrees.

It should be obvious that section 362(a) is not offended when a party seeks relief from the automatic stay, for that is exactly what section 362(d) envisions. In this case, however, the Debtor

alleges that Mr. Raspanti filed the Lift Stay Motion as "an attempt to harass this debtor into making payments to him over and above those set out in the plan of reorganization."  The court heard no evidence on the trial of this matter to support this allegation.

## CONCLUSION

For the foregoing reasons, the Contempt Motion is **DENIED.**  A separate order in conformity with these reasons has this day been entered into the record of this proceeding.

###

Page 8

05-51007 - #145  File 09/14/06  Enter 09/14/06 15:20:37  Main Document  Pg 8 of 8